United States District Court
Southern District of Texas
**ENTERED**
May 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| YASMANI LAZO FLEITAS, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-02801 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| RAYMOND THOMPSON, *et al*, Respondents. | § | |

## ORDER ON DISMISSAL

Pending is a petition for writ of *habeas corpus* by Petitioner Yasmani Lazo Fleitas under 28 USC §2241. Dkt 1. The matter was initially filed in the Southern District of Texas, Laredo Division, after which it was transferred to the Houston Division. See Dkt 5.

Petitioner acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b), after being previously detained and released on his own recognizance pursuant to 8 USC §1226(a), violates (i) the Immigration and Nationality Act, (ii) the Due Process Clause of the Fifth Amendment, and (iii) the declaratory judgment entered in *Bautista v Santacruz*, 813 F Supp 3d 1084 (CD Cal 2025). Id at ¶¶23, 50–62.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 7 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 8. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 2–4. It further contends that each of Petitioner's arguments fails on the merits. Id at 4–9.

Petitioner on reply argues that §1226(a) governs his detention based on his prior release. Dkt 9 at 4–6. He further argues that, even if §1225(b)(2)(A) applied to him, detention under that statute without a bond hearing violates due process. Id at 8–14.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

As indicated in the original notice to appear submitted with the petition, Petitioner "has not been admitted or paroled" into the United States. Dkt 1-2 at 2. He is thus subject to detention under §1225(b)(2)(A), in accord with *Buenrostro-Mendez*.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz* exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 813 F Supp 3d 692 (ND Tex, Hendrix, J) (detailing jurisdictional issues), and *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that

"the government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class").

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.
- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas* as to post-removal-order detention.
- *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that an alien's prior release on supervision doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination.

The arguments presented in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above. Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 8.

The petition for writ of *habeas corpus* by Petitioner Yasmani Lazo Fleitas is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on May 27, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge